

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES SORIANO (1)<br>PHILIP FLORES (2)<br>INTELLIPEAK SOLUTIONS, INC. (3),<br><br>Defendants. | Case No.: 23CR2282-TWR<br><br>**PROTECTIVE ORDER** |

Pursuant to the joint motion of the parties, and for the reasons set forth therein, it is hereby ORDERED as follows:

1. The United States is authorized to disclose grand jury matters to each defense team (co-counsel, paralegals, investigators, consultants, experts, litigation support personnel, the defendant, and secretarial staff), "preliminarily to or in connection with a judicial proceeding" pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i).

2. Pleadings filed during the investigation of this matter are unsealed, for the limited purpose of providing them to the defense in discovery.

3. Discovery produced by the United States in this case shall be used by the defense team solely in this case, for investigation, preparing for trial, trial, and any appeals, and for no other purpose, including civil actions or other criminal cases.

4. The defense team shall be prohibited from distributing, disseminating, disclosing or exhibiting discovery materials to any person who is not a part of that defense team for any purpose other than preparing a defense of this case; including, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case. The defense team includes defense counsel, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case (the "Defense").

5. The Defense shall take all reasonable steps to: (a) maintain the confidentiality of the discovery and (b) safeguard the discovery produced in this case from inadvertent disclosure or review by any third party.

6. The Defense may share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case provided that the defense informs any such individual(s) of this Order and obtains their written consent to comply with and be bound by its terms.

7. The Defense may show witnesses discovery materials as necessary for the preparation of the Defense, but shall not give copies of the materials to witnesses absent further order of the Court.

8. To the extent that the any of the above referenced criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, parties must redact public filings to prevent public disclosure of that information.

9. If defense counsel withdraws or is disqualified from participation in this case, the Defense shall return any discovery produced pursuant to the Order to the United States within 10 days.

10. The Defense shall return any and all copies of the discovery to the United States within 90 days of the conclusion of the proceedings in the above referenced case, including any appeal; and

11. Each counsel of record shall: sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them; ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms; and file orders signed by each member of the defense team before giving that individual access to the discovery.

**IT IS SO ORDERED.**

DATED: 11/28/23

THE HONORABLE TODD W. ROBINSON
United States District Judge

3